IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL G. ANDERSON, on behalf of himself and all other similarly situated individuals, | :<br>:<br>: |
| Plaintiffs, | : Case No.: 2:23-cv-2517<br>: |
| v. | : Judge:<br>: |
| SHAMROCK TOWING, INC. | :<br>: **JURY DEMANDED** |
| Defendant. | :<br>: |

# COMPLAINT

Named Plaintiff, Michael G. Anderson ("Named Plaintiff"), brings this action on behalf of himself and all current and former similarly situated employees who worked for Shamrock Towing, Inc. ("Defendant") as tow truck drivers at any time within the three (3) years preceding the commencement of this action through the date of judgment who: (i) participated solely in intrastate travel for a period of four months or longer and (ii) were not properly compensated for all hours worked in excess of forty (40) in a workweek to recover unpaid compensation, liquidated damages, compensatory damages, punitive damages, as well as attorneys' fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Ohio Wage Act, O.R.C. § 4111.01 *et seq.*, the Ohio Prompt Pay Act ("OPPA") (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts"), O.R.C. § 4113.15, O.R.C. § 2307.60, and the Ohio common law for unjust enrichment. Named Plaintiff asserts his FLSA claim on behalf of himself and all current and former similarly situated employees of Defendants ("collectively Plaintiffs") pursuant to Section 16(b) of the FLSA 29 U.S.C. § 216(b), while his additional state-law and common law claims are asserted on an individual basis. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as the

1

other acts of others.

## I. INTRODUCTION

1. Defendant's companywide practice is to regularly refuse to pay Plaintiffs at one and one-half times their appropriate regular rate for all hours worked over forty (40) in a workweek regardless of whether an interstate trip actually took place for every four-month period of employment.

2. Plaintiffs seek to recover unpaid overtime wages, liquidated damages penalties, interest, and other damages, as well as attorneys' fees and costs, that Defendant owes to them and has failed to pay in violation of 29 U.S.C. § 207 of the FLSA, the Ohio Wage Act, the OPPA, O.R.C. § 2307.60, and the Ohio common law.

3. Accordingly, Named Plaintiff bring this action on behalf of himself and all current and former similarly situated employees who worked for Defendant as tow truck drivers at any time within three (3) years preceding the commencement of this action through the date of judgment and who: (i) participated solely in intrastate travel for a period of four months or longer and (ii) were not properly compensated for all hours worked in excess of forty (40) in a workweek to recover unpaid wages and related damages.

4. Named Plaintiff also prays that all similarly situated current and former employees be promptly notified of the pendency of this action pursuant to Section 216(b) to apprise them of their rights and provide them an opportunity to opt into this lawsuit.

## II. JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

6. This Court has supplemental jurisdiction over Named Plaintiff's and all similarly situated current and former employees' Ohio statutory and common law claims pursuant to 28

U.S.C. § 1367 because these claims are so related to Named Plaintiff's claims under the FLSA that they form part of the same controversy.

7. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. §1391(b) because Defendant's headquarters is located here.

**III. PARTIES**

8. Michael G. Anderson ("Named Plaintiff") is an adult resident of Centerburg, Ohio residing at P.O Box 556, Centerburg, Ohio 43011. Plaintiff was formerly employed by Defendant as a tow truck driver. Plaintiff was employed by Defendant from approximately November 9, 2021, until approximately July 5, 2023. His consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

9. Defendant Shamrock Towing, Inc. is a for profit corporation licensed to do business in Ohio. Process may be served upon its Registered Agent, Tim Duffey, at 6333 Frost Road, Westerville, Ohio 43082.

**IV. STATEMENT OF FACTS**

10. During all times material to this Complaint, Defendant was an "employer" within the meaning of the FLSA and the Ohio Acts.

11. During all times material to this Complaint, Defendant employed Named Plaintiff and Defendant's current and former similarly situated employees (collectively "Plaintiffs") within the meaning of the FLSA and the Ohio Acts.

12. During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has engaged in commerce or in the production of goods from commerce, or had employees handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person, and in that

3

said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

13. During all times material to this Complaint, Plaintiffs have been Defendant's employees pursuant to the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

14. Upon information and belief, Defendant uses common pay policies and practices which commonly apply to all tow truck drivers.

### A. Facts as to Plaintiffs

15. Plaintiffs' typical duties as tow-truck drivers involve performing pre-trip inspections on their trucks, receiving dispatch assignments, hooking up disabled, damaged, and impounded vehicles for various police departments and individual clients, and transporting said vehicles back to Defendant or to other locations specified by the client.

16. During all times material to this Complaint, Plaintiffs were non-exempt employees entitled to be paid at least the minimum wage for all hours worked and overtime at 150% of their regular rate for all hours worked over forty (40) in a workweek.

17. During all times material to this Complaint, based on his personal knowledge, Named Plaintiff asserts that Plaintiffs drove tow trucks, in some instances that weighed over 10,001 pounds GVRW, that either never hauled a load outside of the state of Ohio or went more than four (4) months between loads that required them to travel outside the state of Ohio.

18. In addition to Plaintiffs not making interstate trips in the regular course of business, Defendant could not have reasonably expected Plaintiffs to make interstate trips in the regular course of business.

19. Named Plaintiff was employed by Defendant from November 2021 to July 2023. During his employment, Named Plaintiff regularly worked beyond forty (40) hours in a workweek.

4

20. Based on his personal knowledge, Named Plaintiff asserts that Defendant's current and former similarly situated employees also worked in excess of 40 hours in a workweek.

21. Named Plaintiff typically worked seven (7) days a week in scheduled shifts from 2:00p.m. until 10 p.m. Monday-Friday, 8:00 a.m. until 4 p.m. on Saturday, and 8:00 a.m. until 8:00 p.m. on Sunday.

22. Based on his personal knowledge, Named Plaintiff asserts that Defendant's current and former similarly situated employees worked schedules similar to his.

23. Named Plaintiff was never paid at the appropriate one and one-half times his regular rate for his hours worked over forty (40) in a workweek.

24. Based on his personal knowledge, Named Plaintiff asserts that Defendant's current and former similarly situated employees were never paid at the appropriate one and one-half times their regular rate for their hours worked over forty (40) in a workweek.

25. As of the filing of this Complaint, Plaintiffs have not been paid all the wages they earned while working for Defendant, and those unpaid wages have gone unpaid for more than thirty (30) days.

26. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay the Plaintiffs one and one-half times their regular rate for all hours worked over forty (40) in a workweek.

**B. Defendant's companywide practices**

27. At all times material to this Complaint, Defendant refused to pay Plaintiffs at one and one-half times their appropriate regular rate for all hours worked in excess of forty (40) in a workweek in violation of federal and Ohio law.

28. At all times material to this Complaint, Defendant paid Plaintiffs pursuant to a companywide pay practice that utilized "Commission Amounts" (defined below) and hourly rates.

29. At all times material to this Complaint, Plaintiffs would clock-in at the start of their shift and clock-out at the end of their shift.

30. At all times material to this Complaint, Plaintiffs would be paid a purported hourly rate for each hour they were clocked in.

31. At all times material to this Complaint, it was Defendant's companywide policy to calculate Plaintiffs' "Hourly Amount" by multiplying their total hours for the workweek by their hourly rate.

32. At all times material to this Complaint, Plaintiffs would get dispatched to a call that would require various tasks be performed.

33. At all times material to this Complaint, at the completion of the call, Plaintiffs would complete a "Tow Slip" and list the services they performed and the amount the individual or entity would be charged for each service.

34. At all times material to this Complaint, Plaintiffs would turn in the Tow Slip to Defendant at the end of the call or at the end of the shift.

35. At all times material to this Complaint, it was Defendant's companywide policy to calculate Plaintiffs' "Commission Amount" by taking 30% of the amount of services billed on their Tow Slips each workweek.

36. At all times material to this Complaint, it was Defendant's companywide policy to pay Plaintiffs either their Hourly Amount or their Commission Amount each week, whichever was greater.

37. At all times material to this Complaint, it was Defendant's companywide policy not to pay Plaintiffs their hourly rate for the first 40 hours worked in a workweek and 150% of their regular rate for all hours in excess of 40 in the workweek (the "federal and Ohio compliant wages").

38. At all times material to this Complaint, based on his personal knowledge, Named Plaintiff asserts that Plaintiffs' Hourly Amount and their Commission Amount were less than their federal and Ohio compliant wages.

39. At all times material to this Complaint, based on his personal knowledge, Named Plaintiff asserts that Defendant's companywide policy resulted in Defendant not paying Plaintiffs federal and Ohio compliant wages.

### C. Defendants Retaliatory Discharge of Named Plaintiff

40. On approximately June 2, 2023, Named Plaintiff requested a meeting with Joey Nelson, Defendant's fleet manager and his direct supervisor, to express his concerns about Defendant's pay practices and policies.

41. Named Plaintiff asked questions about inexplicable changes that were made to the rates on his Tow Slips which negatively affected his income and why he and Defendant's current and former similarly situated employees weren't getting one-and-a-half times their hourly rate for all hours worked over forty (40) in a workweek.

42. Named Plaintiff requested that his Tow Slips be audited and changed to reflect the correct payment.

43. During this conversation, Mr. Nelson informed Named Plaintiff that changes are made to the drivers' Tow Slips when they do not match the photos the driver submitted for the run, and "that is just how we pay."

44. When Named Plaintiff asked why he was not consulted about these alleged errors, he was told Defendant just "fixes them and moves on" without informing the driver.

45. On June 22, 2023 Named Plaintiff again requested clarification regarding Defendant's pay policies from both Mr. Nelson and Kayla Sanfilipo, Defendant's dispatch manager, but was never given any other explanations for the discrepancy in his pay.

46. On July 5, 2023, Named Plaintiff was wrongfully terminated from his employment with Defendant because he inquired about how he and Defendant's current and former similarly situated employees were paid.

47. Defendant's asserted reason for Named Plaintiff's termination—poor work performance—is pretextual in that he never received any complaints or formal write ups prior to his engagement in the FLSA-protected activity of complaining about his employer's pay practices and or/policies.

48. Defendant unlawfully discriminated against Named Plaintiff after he inquired about Defendant's practice and/or policy of changing the rates on his Tow Slips in order to pay him less than what he was owed.

49. As a direct and proximate result of Named Plaintiff engaging in the protected activity of complaining about Defendant's pay practices and/or policies for him and Defendants current and former similarly situated employees, Defendant retaliated against Named Plaintiff by wrongfully terminating him from his employment on or about July 5, 2023.

50. Defendant knowingly, willfully, or with reckless disregard violated the FLSA by engaging in the retaliatory discharge of Named Plaintiff.

**D. FLSA Coverage**

51. Named Plaintiff realleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

52. Named Plaintiff requests that the Court issue Court supervised notice to the following group of employees defined as:

> **All current and former tow truck drivers who worked for Defendant at any time within the three (3) years preceding the filing of the Motion for Court Supervised Notice through the date of judgment who participated solely in intrastate travel for a period of at least four (4) months or longer and were subject**

8

>     **to Defendant's Commission Amount and/or Hourly amount policy ("FLSA Collective").**

53. Named Plaintiff reserves the right to amend and refine the definition of the FLSA Collective he seeks to have the Court supervise notice over based upon further investigation and discovery.

54. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r).

55. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

56. During the respective period of the Named Plaintiff's and the FLSA Collective's employment by Defendant, these individuals have provided services for Defendant that involved intrastate towing for at least 4 continuous months for purposes of the FLSA and the Motor Carrier Act.

57. In performing the operations hereinabove described Named Plaintiff and the FLSA Collective have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

58. Specifically, Named Plaintiff and the FLSA Collective are (or were) non-exempt employees of Defendant who assisted clients, wherever they were from. 29 U.S.C. § 203(j).

59. At all times hereinafter mentioned, Named Plaintiff and the FLSA Collective are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

60. The precise size and identity of the proposed collective should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

61. Collective action treatment of Named Plaintiff's and the FLSA Collective's claims is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory overtime wages.

62. Further, Plaintiffs' FLSA claims should proceed as a collective action because Named Plaintiff and the FLSA Collective, having willfully not been paid for all the hours they worked and at least 150% of their regular rate for all hours worked beyond forty (40) in a workweek pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

63. Named Plaintiff and the FLSA Collective have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal overtime wages.

64. Named Plaintiff is similarly situated to the FLSA Collective and will prosecute this action vigorously on their behalf.

65. Named Plaintiff intends to send notice to all members of the FLSA Collective pursuant to Section 216(b) of the FLSA. The names and addresses of the FLSA Collective are available from Defendant's records. For the purpose of notice and other purposes related to this

action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA.

66. Named Plaintiff and the FLSA Collective have been damaged by Defendant's willful refusal to pay the federally mandated overtime rate for all hours worked beyond forty (40) in a workweek. As a result of Defendant's FLSA violations, Plaintiffs and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

V. CAUSES OF ACTION

**COUNT I**
**VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA**

67. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

68. Named Plaintiff asserts this claim on behalf of himself and the FLSA Collective who opt into this action by filing a consent form pursuant to 29 U.S.C. § 216(b).

69. At all times material to this Complaint, Defendant regularly employed Named Plaintiff and the FLSA Collective to work more than forty (40) hours in a workweek.

70. Named Plaintiff and the FLSA Collective are employees entitled to the FLSA's protections.

71. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) in a workweek.

72. Named Plaintiff and the FLSA Collective employed by Defendant have worked over forty (40) hours in a workweek and were not paid at the appropriate one and one-half-times their regular rate.

73. Named Plaintiff and the FLSA Collective are entitled to recover all unpaid overtime wages, an equal amount of liquidated damages, and attorney's fees and expenses pursuant to 29 U.S.C. § 216(b).

74. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
## VIOLATION OF THE OVERTIME REQURIEMENTS OF THE OHIO WAGE ACT

75. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

76. Named Plaintiff asserts this Ohio Wage Act claim on behalf of himself and any individual member of the FLSA Collective that joins this lawsuit.

77. The Ohio Wage Act provides that all covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

78. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employees' regular rate of pay for all hours worked over forty (40) in a workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

79. At all times material to this Complaint, Named Plaintiff and any individual member of the FLSA Collective that joins this lawsuit were covered employees of Defendant pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

80. At all times material to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to compensate Named Plaintiff and any individual member of the FLSA Collective that joins this lawsuit for all hours worked at the appropriate pay rate, including

Defendant's repeated action of refusing to compensate them for all hours worked over forty (40) in a workweek and not less than one-and-a-half times the appropriate regular rate.

81. Named Plaintiff and any individual member of the FLSA Collective that joins this lawsuit are not exempt from the wage protections of the Ohio Wage Act including receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541, *et seq.*

82. In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

83. Named Plaintiff and any individual member of the FLSA Collective that joins this lawsuit are entitled to unpaid overtime and other compensation, liquidated damages, interest, and attorney's fees and expenses, and all other remedies available as compensation for Defendant's violations of O.R.C. § 4111.03, by which Named Plaintiff and any individual member of the FLSA Collective that joins this lawsuit have suffered and continue to suffer damages.

## COUNT III
## VIOLATION OF THE OHIO PROMPT PAY ACT

84. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

85. Named Plaintiff asserts this claim on behalf of himself and any individual member of the FLSA Collective that joins this lawsuit.

86. At all times relevant to this Complaint, Defendant was Named Plaintiff's and any individual member of the FLSA Collective that joins this lawsuit's employer and was required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

87. The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month

ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

88. At all times material to this Complaint, Defendant has refused to pay Named Plaintiff and any individual member of the FLSA Collective that joins this lawsuit all owed overtime wages at one-and-a-half times their normal hourly rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

89. Named Plaintiff's and any individual member of the FLSA Collective that joins this lawsuit's wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

90. Defendant's violations of the OPPA have been a willful, intentional, or bad faith nature or Defendant has otherwise exhibited a reckless disregard of the OPPA's provisions.

## COUNT IV
## CIVIL PENALITES FOR CRIMINAL ACTS
## O.R.C. § 2307.60

91. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

92. Named Plaintiff asserts this claim on behalf of himself and any individual member of the FLSA Collective that joins this lawsuit.

93. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

94. By its acts and omissions described herein, Defendant has willfully violated the FLSA and Named Plaintiff and any individual member of the FLSA Collective that joins this lawsuit were injured as a result.

95. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

96. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and any individual member of the FLSA Collective that joins this lawsuit are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## COUNT V
## UNJUST ENRICHMENT

97. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

98. Named Plaintiff asserts this claim on behalf of himself and any individual member of the FLSA Collective that joins this lawsuit.

99. Named Plaintiff and any individual member of the FLSA Collective that joins this lawsuit are employees entitled to be paid for all hours worked in excess of forty (40) in a workweek at one and one-half times the appropriate regular rate.

100. Defendant does not pay (nor has it paid) Named Plaintiff and any individual member of the FLSA Collective that joins this lawsuit the appropriate one and one-half times their regular rate for all hours worked over forty (40) in a workweek.

101. As a result, Defendant is unjustly enriched in the amount of overtime wages they unlawfully refuse to pay.

**102.** Thus, Defendant should be required to reimburse Named Plaintiff and any individual member of the FLSA Collective that joins this lawsuit in the amount of this unpaid overtime.

## COUNT VI
## RETALIATION IN VIOLATION OF THE FLSA AS TO NAMED PLAINITFF

103. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

104. At all times material to this Complaint, Named Plaintiff was employed by

Defendant within the meaning of 29 U.S.C. § 203(g).

105. Defendant unlawfully discriminated against Named Plaintiff after he inquired about Defendant's practice of changing the rates listed on his Tow Slips and not being paid "time-and-a-half" for overtime in order to pay him less than what he actually earned.

106. As a result of Named Plaintiff engaging in the protected activity of inquiring about receiving compensation due to him, Defendant retaliated against Named Plaintiff by wrongfully terminating him from his employment on July 5, 2023.

107. Defendant knowingly, willfully, or with reckless disregard violated the FLSA by engaging in the retaliatory discharge of Named Plaintiff and he suffered damages as a result.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, on behalf of himself and any member of the FLSA Collective that joins this lawsuit, prays that this Court enter the following relief:

A. For an Order sending Court supervised notice to the FLSA Collective as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all members;

B. In the event the Defendant seeks to have discovery on the issues of whether members of the FLSA Collective are similarly situated to the Named Plaintiff, that the Court issue an order tolling the FLSA statute of limitations for the FLSA Collective as of the filing of this Complaint.

C. Expectation and damages for Named Plaintiff and the FLSA Collective for failure to pay federal and Ohio compliant wages;

D. An order awarding Named Plaintiff and the FLSA Collective back pay equal to the amount of all unpaid overtime for three (3) years preceding the filing of this Complaint to the present, plus an additional amount in liquidated damages;

E. Award Named Plaintiff and any individual member of the FLSA Collective that joins this lawsuit the sum of six percent (6%) of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A);

F. An order enjoining Defendant from retaliating, via discrimination, against Named Plaintiff, and the FLSA Collective for engaging in the protected action of complaining about pay policies.

G. Compensatory and punitive damages under O.R.C. § 2307.60;

H. Pre-judgment and post-judgment interest;

I. A finding that Defendant has violated the FLSA, the Ohio Wage Act, and the OPPA and that Defendants have been unjustly enriched;

J. A finding that Defendants violations of the FLSA and Ohio Wage Laws are willful and not in good faith;

K. A judgment against Defendant and in favor of Named Plaintiff, and the FLSA Collective for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA and the Ohio Wage Laws;

L. Liquidated damages, and monetary penalties to the fullest extent permitted under the FLSA and Ohio Wage Laws;

M. A judgment against Defendant and in favor of Named Plaintiff and any individual members of the FLSA Collective that joins this lawsuit for restitution for all overtime pay returned by Defendant and by which Defendant was unjustly enriched.

N. An award of costs and expenses in this action, together with reasonable attorneys' fees and expert fees; and,

17

O.  Any other relief to which the Named Plaintiff and the FLSA Collective members who join this lawsuit may be entitled.

Dated: August 4, 2023

        Respectfully submitted,

        **BARKAN MEIZLISH DEROSE COX, LLP**

        */s/ Robert E. DeRose*
        Robert E. DeRose (OH Bar No. 0055214)
        4200 Regent Street, Suite 210
        Columbus, OH 43219
        Phone: (614) 221-4221
        Facsimile: (614) 744-2300
        bderose@barkanmeizlish.com

        *Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.

        */s/ Robert E. DeRose*
        Robert E. DeRose