UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael G. Anderson,

    Plaintiff,

    v.

Shamrock Towing, Inc.,

    Defendant.

Case No. 2:23-cv-2517

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Plaintiff moved for Court-facilitated notice in this putative FLSA collective action. Mot., ECF No. 16. Defendant thereafter stipulated to Court-facilitated notice on specific terms. Stipulation, ECF No. 17.

Upon joint stipulation of the parties, as well as a review of Plaintiff's motion and the exhibits attached thereto, the Court **APPROVES** of the sending of notice but requires some changes to Plaintiff's proposed materials.

First, the parties' proposed definition is not limited to drivers who worked overtime. Therefore, the Court suggests the following definition:

> All current and former tow truck drivers who worked for Defendant at any time since August 11, 2020, who participated solely in intrastate travel for a period of four (4) months or longer, who worked more than forty (40) hours in a given workweek, and who were subject to Defendant's Commission Amount and/or Hourly Amount policy.

Second, the RE: line on ECF No. 16-3 at PAGEID # 449 refers to a *collective action settlement*. The Court has not been apprised of a settlement in this case. Moreover, it is not a collective action unless and until the Court

conclusively determines, after the opt-in period, that the opt-in plaintiffs are similarly situated to Mr. Anderson.  Accordingly, the RE: line shall be rephrased to read, "Your right to join a pending lawsuit for unpaid overtime premium wages allegedly not paid by Shamrock."

Third, the right-side margin of the uploaded Notice is cut off.  The parties shall ensure the Notice is fully readable for recipients.

Fourth, certain lines on ECF No. 16-3 at PAGEID # 449 appear to be in a smaller font than the rest.  Counsel shall unify font size for the entire Notice.

Fifth, *Clark* makes clear that the Court does not "certify" cases as collective actions.  And, putative opt-in plaintiffs are invited to join *before* the Court determines similarity conclusively and permits the case to proceed collectively.  Therefore, the parties are directed to remove the following words from ECF No. 16-3 at PAGEID # 450, "When the Court certifies the case as a collective action,"[.]

Sixth, the Court **DENIES** permission to send an email notice.

The discovery parameters proposed in ECF No. 17 are **APPROVED** with the exception that Defendant need not provide email addresses.

The sixty-day opt-in period and the thirty-day postcard reminder provisions are **APPROVED**.

If the parties object to any of the above six changes, they shall **STAY** sending of the Notice and Consent to Join Form and request a status conference.

The Clerk shall terminate ECF No. 16 as a pending motion.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT